UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILMINGTON TRUST COMPANY,
ET AL.,

        Plaintiffs,

     v.

AEP GENERATING COMPANY,
ET AL.,

        Defendants.

Case No. 2:13-cv-1213
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

**OPINION & ORDER**

This matter is before the Court on Defendants AEP Generating Company and Indiana Michigan Power Company's (collectively, "Defendants") Objections to the Magistrate Judge's Order that compelled production of certain documents. (ECF No. 80 (Objections); ECF No. 79 (Order).) Because the Magistrate Judge's decision contains no clear error and is not contrary to law, the Court **OVERRULES** Defendants' Objections.

**I. BACKGROUND**

Plaintiffs, various entities identified as "Wilmington Trust Company" acting as owner trustees of various trusts, sued Defendants alleging breach of contract, breach of covenant of good faith and fair dealing, and indemnification. (Opn. & Order at 1; ECF No. 79.) This action relates to a facility that Plaintiffs leased Defendants, and Plaintiffs allege Defendants breached this lease when they entered into and subsequently modified a consent decree in a separate environmental case. (*Id.*)

Plaintiffs sought to compel discovery of communications that Defendants had in the separate environmental case that concerned remedies and settlement. (*Id.* at 2.) Defendants

1

opposed this motion, arguing that a federal "settlement privilege" shielded these communications from Plaintiffs. The Magistrate Judge rejected this argument, holding that state law governs privilege determinations in this diversity action and that no such privilege exists under the applicable state law.

Defendants now object to that conclusion, arguing that the Magistrate Judge's decision was contrary to law for two reasons. First, the Court did not apply a federal settlement privilege as mandated by *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003). Second, assuming *Goodyear* is not controlling, that case's settlement privilege still applies under a proper application of Federal Rule of Evidence 501.

## II. STANDARD

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Thus, upon review of Defendants' objection to the Magistrate Judge's Order, and consistent with 28 U.S.C. § 636(b)(1)(A), this Court shall set aside any part of the Order found to be clearly erroneous or contrary to law. To establish that a Magistrate Judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

III. ANALYSIS

A. *Goodyear*

Defendants assert that the Magistrate Judge's order was contrary to *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003), because that case established a federal settlement privilege that shields the communications made in the earlier environmental action. But Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Nobody denies that state law supplies the rule of decision in this diversity action. And thus binding authority dictates that state, not federal, privileges apply. *See Jaffee v. Redmond*, 518 U.S. 1, 17 n.15 (1996) (recognizing that state privileges apply under Rule 501 "if only a state-law claim had been asserted in federal court").

True, *Goodyear* recognized and applied a federal settlement privilege in a diversity case. 332 F.3d at 978. But that decision never addressed whether Rule 501 called for application of state-law privileges in a diversity case; rather, all apparently assumed federal law applied. "Cases implicating issues that merely lurk in the record, neither brought to the attention of the court nor ruled upon, do not establish binding precedent on the unexamined point." *United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) (internal quotation marks omitted). Because *Goodyear* never examined whether federal or state law applied under Rule 501, that decision did not establish binding precedent on that "unexamined point." *See id.*; *see also Babcock & Wilcox Power Generation Grp., Inc. v. Cormetech, Inc.*, --- F. Supp. 3d ---, No. 5:14CV514, 2015 WL 350392, at *5 (N.D. Ohio Jan. 23, 2015) (applying Ohio privilege law in diversity case, noting that "*Goodyear* did not discuss why it applied federal common law to the privilege asserted"). Indeed, to hold otherwise would run counter to the Sixth Circuit's "unexamined point" precedent

and also its longstanding precedent that state-law privileges apply in diversity cases. *See Jewell v. Holzer Hosp. Found., Inc.*, 899 F.2d 1507, 1513 (6th Cir. 1990) ("In a civil case involving claims based on state law, the existence of a privilege is to be determined in accordance with state, not federal, law.") (citing Fed. R. Evid. 501); *see also Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 296 (6th Cir. 2007) (noting that Rule 501 "direct[s] federal courts sitting in diversity to apply state evidentiary laws" regarding privileges).

Instead of explaining *Goodyear*'s silence on Rule 501, Defendants point to a number of non-binding district court decisions that apply *Goodyear*'s settlement privilege in diversity cases. (See Obj. at 4-5; ECF No. 80.) *See, e.g.*, *Westlake Vinyls, Inc. v. Goodrich Corp.*, No. 5:03 CV 00240 R, 2007 WL 1959168, at *3 (W.D. Ky. June 29, 2007) (expressing "latent misgivings about the propriety of" *Goodyear* but finding itself "bound to apply" it) (internal quotation marks omitted); *Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F. Supp. 2d 623, 629 (N.D. Ohio 2004) (same), *aff'd on other grounds*, 195 F. App'x 491 (6th Cir. 2006). But these decisions did not address *Goodyear*'s silence—and thus precedential effect—on whether federal or state privilege governs under Rule 501. Defendants' citation to other Sixth Circuit cases that discuss *Goodyear* is no more persuasive, as none discuss the relevant issue here: whether state or federal law governs privilege determinations in diversity cases. *See, e.g.*, *Eid v. Saint-Gobain Abrasives, Inc.*, 377 F. App'x 438, 443-45 (6th Cir. 2010) (considering admissibility under Fed. R. Evid. 408, and not privilege or choice of law Fed. R. Evid. 501); *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 805 (6th Cir. 2007) (same).

Trying to bend the rule to fit this situation, Defendants appear to argue that the federal-settlement privilege applies because the underlying settlement discussions occurred in a federal question case. (Obj. at 1-2.) But cases routinely apply Rule 501 by looking at whether the

4

current claim is based on state law. *See, e.g.*, *Jewell*, 899 F.2d at 1513 (applying state physician-patient privilege to diversity action); *Babcock*, --- F. Supp. 3d ---, 2015 WL 350392 at *5 (noting plaintiff's claims are based on Ohio law and applying state-privilege law). And Defendants offer no authority to the contrary. Moreover, Defendant's reading of the rule would not apply in certain instances, such as a party seeking to invoke the physician-patient privilege where there was no previously filed action. Thus, Defendants have not shown the Magistrate Judge's decision was contrary to law.

**B. Rule 501 and Choice of Law**

Undeterred, Defendants attempt to get to *Goodyear* via a different route. Their alternative theory recognizes that "state law governs privilege" under Rule 501, but "state law" includes application the state's choice-of-law rules, and New York's rules (applicable here) require application of *Goodyear*.

This argument, however, was not raised before the Magistrate Judge. Defendants maintain that they now present only new authority for their position, not a new theory. In their Objection, they assert Rule 501 compels the application of New York's choice of law analysis (and not necessarily that state's privilege), and that state-law examination requires this Court to apply *Goodyear* because New York courts apply the law of the jurisdiction in which the privileged communications were made. In other words, Defendants now say that *Goodyear* applies *because of* Rule 501. But before the Magistrate Judge, the Defendants argued that *Goodyear* applied *regardless of* Rule 501 because it was binding precedent that controlled in diversity cases. (*See* Opp. at 9-10; ECF No. 60 (pressing that Plaintiff's arguments "already hav[e] been squarely rejected" because other cases applied *Goodyear* notwithstanding Rule 501). Indeed, Plaintiffs argued to the Magistrate Judge that Rule 501 requires application of state

privilege law and Defendants never argued that this was incorrect or suggested that another analysis under Rule 501 or New York law was correct. (*See id.* at 8-15.)

If Defendants wish to raise this argument before the Magistrate Judge, they may do so within fourteen days of this opinion and order. The Court expresses no opinion on the merits of this issue.

### IV. CONCLUSION

For the reasons stated above, Defendants' Objections are **OVERRULED**.

**IT IS SO ORDERED.**

7-6-2015
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**