```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Wilmington Trust Company, et : 
    al.,
                                     :

    Plaintiffs,
                                     :

   v.                              Case No.  2:13-cv-01213
                                   :

AEP Generating Company, et      JUDGE EDMUND A. SARGUS, JR.
    al.,                       :      Magistrate Judge Kemp

    Defendants.       :

## OPINION AND ORDER

This order will address Plaintiffs' motion to compel (Doc. 143), which asks the Court to order Defendants to conduct an additional search for electronically stored documents covering two time frames excluded from the initial search.  The motion is fully briefed.  For the following reasons, the motion will be granted in part and denied in part.

### I.  Background

The issue raised by the motion to compel can be stated simply.  Plaintiffs have served several sets of document requests.  Most of the responsive documents were maintained in electronic form, meaning that some type of electronic search protocol was necessary to identify them.  Defendants ran such a search for documents in certain time frames.  Those time frames did not include calendar years 2009 and 2010 (with the exception of documents maintained by four records custodians during the second half of 2010), and they did not include any dates after the complaint was filed in this case (July 26, 2013).

The parties differ on the propriety of those exclusions. Plaintiffs also claim that Defendants did not timely object to searching these particular time periods, while Defendants argue that Plaintiffs waited too long to express their objections to

the limitations of the search.  Leaving these issues aside - each party has a colorable argument, and the Court will not resolve this issue on the basis of timeliness on either side - the question devolves into an inquiry about relevance and undue burden (as many discovery disputes do).

Plaintiffs argue that it is simply inconceivable that Defendants stopped discussing or communicating about matters relevant to the case for two years (or eighteen months) beginning on January 1, 2009, or that the same thing magically occurred the date the lawsuit was filed.  The low chance of that having actually occurred, coupled with the production of a few documents from the excluded time frames which are relevant to the case, is enough, in Plaintiffs' view, for them to satisfy their burden of showing that they are seeking to compel the production of relevant documents.

Defendants counter with the argument that they spent much time planning their response to the document requests, ultimately deciding that because the key events in this case included, after the negotiation of the contract, the 2007 consent decree issued by this Court and the 2013 modification, that it would be a waste of resources to search for any documents in the 2009-10 time frame because nothing of significance was happening then.  Their interviews with the likely document custodians led them to conclude that four of them might have been working on something relevant to this case in the latter half of 2010, and those individuals' documents generated in that time frame were searched (a search which produced a handful of documents, including ones relied on by Plaintiffs to show that there were some relevant communications occurring then).  Defendants also claim that, given that Plaintiffs' claims are based on contractual breaches which were supposedly complete when the complaint was filed, no documents created after that time could possibly be relevant.  As

to that latter category, Plaintiffs assert that they want only an additional four months of documents, and that it is again illogical to conclude that all relevant communications ceased just because a complaint had been filed.

## II. Discussion

Plaintiffs make a valid point that, if relevant documents were created in calendar year 2008 and again in calendar year 2011 - which Defendants do not dispute - it stands to reason that some volume of responsive documents was created in 2009 or 2010. However, given the representations made by Defendants about how and why they restricted their search in a way that excluded, for the most part, 2009 and 2010, it seems likely that the volume of documents is small. It is also apparent that it will be very costly and time-consuming to search that database, to conduct a privilege review, and to prepare the documents for production. Defendants estimate, based on the way in which the search proceeded for other years, that as many as a million pages of documents will have to be searched, and that the search might produce 200,000 pages of documents which will have to be reviewed manually. Plaintiffs do not suggest that these numbers are inaccurate. Clearly, the question of proportionality is raised by this scenario (see Fed.R.Civ.P. 26(b)(1)), which now describes the proper scope of discovery as encompassing "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action ... and whether the burden or expense of the proposed discovery outweighs its likely benefit"). Plaintiffs do not really address the proportionality issue other than by arguing that since they met their initial obligation to show that the search would produce some relevant documents, it is up to Defendants to show that it would be unduly burdensome to do the search.

Courts have, in evaluating the proportionality issue, suggested that both parties have some stake in addressing the various relevant factors. See, e.g., Oracle America, Inc. v. Google, Inc., 2015 WL 7775243, *2 (N.D. Cal. Dec. 3, 2015) (observing that "[n]either party submitted a proper analysis of the Rule 26 proportionality factors" and that the moving party, Oracle, "did not fully address any of the proportionality factors, including the importance of the requested discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" - leaving the court in the position of having to "make its best judgment based on the limited information before it").  Certainly, a responding party still must meet its burden of explaining how costly or time-consuming responding to a set of discovery requests will be, because that information is ordinarily better known to the responder than the requester.  However, once that information is presented, there is no reason why both sides should not be required to address the issue of proportionality, especially since the requesting party can explain as well as the responder - and perhaps better - why the information it is seeking is important to resolving the case and why it would be a good use of the other party's resources to search for it.

    Plaintiffs are undoubtedly correct that the search they propose would turn up some relevant documents.  Defendants, however, have already produced a mound of relevant documents, and have explained why they do not think it likely that any great volume of relevant documents would be uncovered by the proposed search, and why any such documents would not be nearly as relevant as ones created at other times.  That explanation is logical in light of the issues raised in this case.  For their part, Plaintiffs have not presented anything - either evidence or persuasive argument - showing that this search would materially

add to their existing collection of relevant documents.  They do not suggest, for example, that there are gaps in the already-produced set of documents which can only be filled in by documents from 2009 or 2010, or that there is some element of their claim for relief which they may be hampered from proving without additional documents.  Given this state of the record, the Court concludes that ordering Defendants to go back and search the 2009 and 2010 documents would violate the rule of proportionality, and it will not order that search.

The post-complaint documents stand in a different posture, however.  It would be less costly for Defendants to undertake that search, and the Court is not persuaded that the date on which the complaint was filed is some sort of talismanic date after which no relevant documents could possibly have been produced.  It is not uncommon for a document to refer to events which occurred days, months, or even years before, so even if the filing date of a complaint represents the last date on which relevant actions were taken, it does not necessarily represent the last date on which relevant documents were created.  In other words, making such a categorical judgment is simply not possible, nor does it comport with reality.  See First Horizon Nat'l Corp. v. Certain Underwriters at Lloyd's, 2013 WL 11090763, *3 (W.D. Tenn. Feb. 27, 2013), where the court "decline[d] to adopt a wholesale exclusion from discovery for materials created after the filing of the ... complaint," citing Douglas C. Rennie, *Why the Beginning Should Be the End: The Argument for Exempting Postcomplaint Materials from Rule (26)(b)(5)(A)'s Privilege Log Requirement,* 85 Tul. L.Rev. 109, 145–46 (2010).

Further, as to these documents, Defendants have not presented any specific argument about undue burden, apart from their general assertion that they have disassembled their review teams.  That is a consideration, and the Court is not persuaded

that, as Plaintiffs assert, Defendants did so unilaterally and without considering whether additional document review might be necessary.  Especially as to post-complaint documents, it appears that Plaintiffs have been on notice for some time that Defendants would not produce these, and their motion as to these documents appears fairly late in the day.  However, given the fact that a categorical approach to post-complaint documents is not appropriate, the Court will direct that some further effort be made to locate and produce any responsive documents created in the four-month time frame after July 26, 2013.  Defendants are therefore directed to search the records of the four persons they believe to be the most likely to have such records.  Since many post-complaint documents will be privileged communications between counsel and client, and it would be time-consuming to create a log for these documents, Defendants are excused from the obligation to perform that task.  Defendants may choose the most efficient search method to use.  The Court will direct that they produce any additional responsive documents within thirty days of the date of this order.

### III.  Conclusion

For the reasons stated in this Opinion and Order, Plaintiff's motion to compel (Doc. 143) is granted in part and denied in part as set forth above.  Defendants are directed to comply with the Court's directives concerning post-complaint documents and to produce any additional documents within thirty days.

### IV.  Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the

order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge